**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASE NO.:**

AUDITORIO VIDE EN FAMILIA,

    Plaintiff,

v.

LEXINGTON INSURANCE COMPANY
D/B/A INSURANCE BOARD PARTNERS IN
PROTECTION,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, LEXINGTON INSURANCE COMPANY. ("Lexington" or "Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the above entitled action from the Florida Circuit Court of the Eighteenth Judicial Circuit in and for Hillsborough County, Florida (the "State Court Action") to the United States District Court for the Middle District of Florida. In support of this Notice, Defendant states as follows:

    1.    On June 6, 2019, Lexington received a copy of the Summons and Amended Complaint filed by Plaintiff arising from a first-party property insurance claim. AUDITORIO VIDE EN FAMILIA ("Plaintiff") filed the State Court Action in the Circuit Court of the Eighteenth Judicial Circuit in and for Hillsborough County, Florida. Therefore, venue in this Court is proper because Plaintiff's State Court Action is pending in a court which is within the Tampa Division of the United States District Court for the Middle District of Florida. A copy of the State Court Papers, including the Plaintiff's Amended Complaint, are included within **Composite Exhibit 1** attached hereto (the "State Court Papers"), consisting of copies of all

pleadings and papers served on, or by, Lexington in the State Court Action—as required by 28 U.S.C. § 1446(a).

2. Jurisdiction is proper in this Court—and this case is removable, pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332—because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

I. **COMPLETE DIVERSITY EXISTS AMONG THE PARTIES**

3. At the time the State Court Action was filed and, upon information and belief, at the present time, Plaintiff's, is a Citizen of the State of Florida and has its principal place of business in Hillsborough County, Florida. Plaintiffs are not citizens of Connecticut or Indiana. *See* Declaration of Eugene Murphy, Esq. in Support of Notice of Removal ("Declaration"), at ¶ 3, attached hereto as **Exhibit 2**.

4. Lexington is not a citizen of Florida. It is not incorporated in Florida, nor does it have its principal place of business located within the state of Florida. At the time the State Court Action was filed and at the present time, Lexington has been incorporated in the State of Delaware and has had its principal place of business located Massachusetts. *See* Declaration at ¶ 4.

II. **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

5. The amount in controversy is not evident from the face of Plaintiff's Complaint; thus, "in the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). The Court should "review the propriety of removal on the basis of the removing documents," and "[i]f the jurisdictional

amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." *Id.* at 1211 (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, (11th Cir. 2001); *Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 618 (11th Cir. 1990) (explaining that a removing defendant has "the burden of proving th[e] jurisdictional threshold" of § 1332's amount in controversy requirement).

6. When determining the amount in controversy, courts of this Circuit follow the "Plaintiff's-viewpoint rule" wherein courts "are to measure the value of the object of the litigation solely from the Plaintiff's perspective." *Ericsson GE Mobile Communs. v. Motorola Communs. & Elecs.*, 120 F.3d 216, 218-19 (11th Cir. 1997). As proof of the jurisdictional amount, a removing defendant may submit its own evidence in the form of affidavits and other documentary evidence. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 756 (11th Cir. 2010); *AAA Abachman Enters., Inc. v. Stanley Steemer Int'l, Inc.*, 268 Fed. App'x 864, 866-67 (11th Cir. 2008) (relying on plaintiff's demand letter seeking more than $75,000 in damages, in addition to the allegations in the complaint, to establish federal jurisdiction); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (noting a settlement offer, "by itself, may not be determinative, [but] it counts for something"). S*ee also See Fernandez v. Allstate Ins. Co.*, 2008 U.S. Dist. LEXIS 8086,*2 (E.D. La. 2008) (accepting "damage assessments or repair estimates for the property" as "affirmative proof in regards to the amount in controversy").

7. In the Complaint, Plaintiff alleges that Lexington breached the policy of insurance issued to Plaintiff by (i) underpaying and/or undervaluing the claim, (ii) failing to pay all benefits due under the Policy (iii) failing to pay the full costs necessary to restore Plaintiff's property to its pre-loss condition, (iv) failing to pay based on Plaintiff's Proof of Loss which was submitted

on December 14, 2018, and (v) improperly withholding certain amounts for depreciation . *See* Amended Compl. For Damages, at ¶ 15, ,21,22, 23, and 24.

8. Lexington denied the Plaintiff's claim based upon the subject policy's express terms, conditions, limitations, and exclusions.  No coverage was extended for the alleged loss and no payment was issued to Plaintiff. *See* Declaration ¶ 6.

9. On or about December 11, 2018, Plaintiff submitted a Sworn Proof of Loss in the amount of $100,681.20 for damages claimed in connection with the alleged loss. *See* Declaration ¶ 5; *see also* Amended Compl. For Damages, at ¶ 23; *see also* Sworn Proof of Loss from Plaintiff dated December 11, 2018, attached hereto as **Exhibit 3**.

10. On July 1, 2019, Plaintiff through its counsel, provided Lexington with an estimate in the amount of $100,681.20 prepared by Cypress Hill as support for its Proof of Loss. *See* Declaration ¶ 5; *see also* Cypress Hill Estimate, attached hereto as **Exhibit 4**.

11. In breach of contract actions, the amount in controversy may be determined by the amount due under the contract under the Plaintiff's theory of breach.  *See e.g.*, *Miami Beach Yacht Corp. v. Ferro Corp.*, 461 F.2d 770, 771–72 (5th Cir. 1972).  Here, Plaintiff's underlying theory in support of its breach of contract claim is they are owed insurance proceeds in excess of the amount that Lexington acknowledged coverage for. "Courts have held that a removing defendant can satisfy th[e] burden [of showing that the amount in controversy exceeds $75,000] using a pre-suit estimate when (1) the document reflects an 'honest assessment of damages,' and (2) Plaintiff does not contest the "veracity of the information" contained in the document despite having an opportunity to do so." *Perez-Malo v. First Liberty Ins. Corp.*, No. 1:17-cv-21180-KMM, 2017 U.S. Dist. LEXIS 220658, at *7 (S.D. Fla. June 8, 2017) (quoting *Katz v. J.C.*

*Penney Corp.*, No. 09-CV-60067, 2009 U.S. Dist. LEXIS 51705, 2009 WL 1532129, at *5–6 (S.D. Fla. June 1, 2009)); *see* also *Disparti v. State Farm Mut. Auto. Ins. Co.*, No. 8:17-cv-82-T-33TGW, 2017 U.S. Dist. LEXIS 4461, at *2 (M.D. Fla. Jan. 12, 2017) (noting that although a demand sought in excess of $75,000, the supporting documentation exhibited that there was only actually $66,658.17 at issue).

12. Here, Plaintiff relies on a Proof of Loss and Estimate prepared by Cypress Hill in order to support its claim that Lexington breach the insurance policy by failing to pay "all benefits due under the Policy" and more specifically failing to make payment pursuant to the Proof of Loss it submitted. That Proof of Loss and the Estimate provided as support for the amount claimed in the Proof of Loss totals $100,681.20.

13. Lexington ultimately denied Plaintiff's claim and no payment was issued for the claim because the damages claimed were not covered under the Policy's express terms, conditions, limitations, and exclusions. As such the amount in dispute, from Plaintiff's perspective, is at least $100,681.20. Therefore, the amount in controversy requirement is satisfied here. Indeed, Lexington has demonstrated, the amount of insurance proceeds claimed by Plaintiff exceeds the Court's jurisdictional threshold of $75,000.

14. Moreover, Plaintiff's Complaint includes a claim for attorney's fees under Fla. Stat. § 627.428. *See* Amended Compl. For Damages, at ¶¶ 27, 28. "[W]hen a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy includes consideration of the amount of those fees." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933)). This includes attorneys' fees sought pursuant to Fla. Stat. § 627.428, which Plaintiff seeks in the

underlying Complaint. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000); Viewed in the aggregate with Plaintiff's other alleged losses, this measure of damages further establishes that the amount in controversy requirement has been satisfied.

### III.  ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET

15.  Copies of all process, pleadings, and orders served on, or by, Lexington, and such other papers that are exhibits as required by 28 U.S.C. § 1446(a) are filed herein. *See* State Court Papers attached hereto as **Composite Exhibit 1**.

16.  Pursuant to 28 U.S.C. § 1446(b), this Notice is filed this 8th day of July, 2019, within 30 days of June 6, 2019[1], the date Lexington first received a copy of the Amended Complaint. *See Bankston v. Ill. Nat'l Ins. Co.*, 443 F. Supp. 2d 1380, 1381 (M.D. Fla. 2006) (noting that the statutory thirty day period begins to run upon receipt of the underlying pleading where documents received pre-suit show that the requirements for diversity jurisdiction have been satisfied).

17.  Pursuant to 28 U.S.C. § 1446(d), Lexington has provided written notice of the filing of this Notice of Removal to all adverse parties, and has filed a copy of this Notice of Removal with the Clerk of the Circuit Court of the Eighteenth Judicial Circuit of Florida, in and for Hillsborough County, Florida.

**WHEREFORE**, Lexington respectfully requests that this case be removed from the Circuit Court of the Eighteenth Judicial Circuit in and for Hillsborough County, Florida to the United States District Court for the Middle District of Florida for further proceedings as provided by law.

---

[1] The 30th day fell on June 6 which was a Saturday. Accordingly, pursuant to the Federal Rules of Civil Procedure, the due date would be on the next business day of Monday, July 8.

Dated: July 8, 2019                        Respectfully submitted,

**ROBINSON & COLE LLP**
777 Brickell Avenue, Suite 680
Miami, FL 33131
Telephone: (786) 725-4120
Facsimile: (786) 725-4121

By: */s/ Eugene P. Murphy*
     Eugene P. Murphy
     Florida Bar No. 638501
     emurphy@rc.com
     ***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Electronic Mail and U.S. Mail on July 8, 2019, on all counsel or parties of record on the Service List below.

                                             */s/ Eugene Murphy*