IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

AUDITORIO VIDA EN FAMILIA

CASE NO.: 2019-CA-1790

Plaintiff,

vs.

LEXINGTON INSURANCE COMPANY D/B/A
INSURANCE BOARD PARTNERS IN PROTECTION

Defendant.
_____/

## AMENDED COMPLAINT

AUDITORIO VIDA EN FAMILIA (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, hereby sues the Defendant, and as grounds therefore states as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of fifteen thousand dollars ($15,000) exclusive of interest, attorneys' fees, and costs.

2. At all times material hereto, Plaintiff owned the property located at 12111 N. 58TH Street, Temple Terrace, Hillsborough County, Florida 33617 (hereinafter referred to as the "Insured Property").

3. At all times material hereto, Defendant was and is a domestic corporation in the State of Florida and engages in the business of providing property insurance coverage to residents of Florida in exchange for the payment of a premium.

4. In consideration of the premium paid to it by Plaintiff, Defendant issued to Plaintiff an insurance policy, Policy No. 084543360/08 (hereinafter referred to as the "Policy"), which was

in full force and effect at the same time damage occurred to the Insured Property. A copy of the Policy is in Defendant's possession and will be subsequently filed.

5. Plaintiff timely notified Defendant of the damage.

6. Defendant assigned claim number DHE4840 to the reported loss.

7. Defendant inspected the Insured Property and observed damage.

8. Defendant observed damage to Plaintiff's property during a policy period in which Defendant insured Plaintiff's property.

9. Under the terms of the Policy, Defendant is obligated to pay insurance benefits for covered losses to Plaintiff.

10. The damage to Plaintiff's Insured Property is caused by a covered peril under the Policy.

11. All conditions precedent to obtaining payment of said benefits under the Policy from Defendant have been complied with, met, or waived.

## **BREACH OF CONTRACT**

12. Plaintiff re-alleges paragraphs 1 through 11 as if fully set forth herein.

13. Plaintiff has made an application for insurance benefits under the Policy, but Defendant has failed and/or refused to pay all of the benefits to which Plaintiff is entitled for the loss.

14. Plaintiff suffered direct physical damage to the insured property as a result of a covered peril as contemplated by the Policy.

15. Defendant has breached the Policy by underpaying and/or undervaluing the claim.

16. Defendant and its agents have failed and/or refused to properly investigate the loss, and have failed and/or refused to tender all insurance proceeds due and owing to the Plaintiff under the Policy.

17. Defendant knew, or should have known, that Plaintiff had outstanding damages that were directly caused by covered perils under the Policy, and that insurance monies were due and owing to the Plaintiff.

18. Defendant knew, or should have known, that Plaintiff had continuing damages that were and are directly covered under the Policy and whereupon Plaintiff submitted claims for payment under the Policy.

19. Defendant's conduct is contrary to the provisions of the contract.

20. Plaintiff has done and performed all those matters and things properly required under the insurance policy, or alternatively, Plaintiff has been excused from performance by the acts of Defendant by its representations and/or conduct.

21. Defendant has breached the Policy by failing to pay all benefits due under the Policy.

22. Defendant breached the contract by failing to pay the full costs necessary to restore Plaintiff's property to its pre-loss condition.

23. Defendant breached the contract by failing to pay based on Plaintiff's Proof of Loss which was submitted to the Defendant on or about December 14, 2018.

24. Defendant breached the contract by improperly withholding certain amounts for depreciation.

25. Other breaches may be determined during discovery in this matter.

26. As a direct result of Defendant's breach of its insurance contract, Plaintiff has lost the full value and full benefit of the Insured Property and continues to suffer such loss.

27. As a direct result of Defendant's breach of its insurance contract, it has been necessary for Plaintiff to incur and become obligated for attorneys' fees and costs in the prosecution of this action. Florida Statute §627.428 and/or §626.9373 provides for the recovery of such attorneys' fees in the event of such need.

28. Plaintiff has been obligated to engage the undersigned attorneys for the prosecution of this action and is entitled to reasonable attorneys' fees thereby pursuant to Fla. Stat. §627.428 and/or §626.9373.

WHEREFORE, Plaintiff prays this Honorable Court enter an award of compensatory and contractual damages, pre-judgment interest, costs of this action, attorneys' fees, and such further relief as this Court may deem appropriate.

## DEMAND FOR TRIAL BY JURY

Further, Plaintiff requests a trial by jury on all issues so triable.

Dated this 10th day of May, 2019.

**CONSTABLE LAW, P.A.**

*/s/ James S. Constable*
James S. Constable, Esquire
Florida Bar No. 68522
Allison S. Freeman, Esquire
Florida Bar No. 69539
CONSTABLE LAW, P.A.
323 Main Street
Safety Harbor, Florida 34695
Telephone: (727) 797-0100
Facsimile: (727) 726-6917
Attorneys for Plaintiff